IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA LAMARK,

    Plaintiff,                          CIV. NO. S-11-1098 GGH PS

    vs.

RANDALL HICKS et al.,

    Defendants.                       ORDER

_____/

        This is an action for damages and injunctive relief under the Americans with Disabilities Act ("ADA"); Cal. Health & Safety Code § 19955 et seq.; Cal. Civ. Code §§ 54, 54.1, and 54.3; and the Unruh Civil Rights Act.[1] Defendants own and operate a gas station known as Rowdy Randy's in Auburn, California. (See Plaintiff's Complaint, Dkt. No. 1 ["Compl."] ¶¶ 3, 11.) On March 8, 2011, plaintiff allegedly visited Rowdy Randy's to purchase gas and other goods. (Compl. ¶ 12.) Plaintiff claims that he is physically disabled for purposes of the ADA and California law, because he is severely limited in the use of his legs. (Compl. ¶ 5.) During his visit to Rowdy Randy's, plaintiff allegedly encountered several barriers that

---

[1] All parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c)(1), and the action was subsequently referred to the undersigned for all further proceedings and entry of final judgment. (Dkt. Nos. 23-25.)

1

interfered with his access to the facilities.  (Compl. ¶ 4.)  Plaintiff alleges that these barriers continue to deter him from visiting Rowdy Randy's, even though he lives approximately 3 miles from the gas station and intends to return to it when it is made accessible.  (Compl. ¶¶ 4, 13.)

Presently pending before the court is defendants' motion for summary judgment and/or summary adjudication, originally filed on April 25, 2012 and noticed for hearing on May 24, 2012.  (Dkt. No. 27.)  On May 7, 2012, plaintiff filed an opposition, requesting that the court defer consideration of defendants' motion until adequate time for discovery has been allowed.  (Dkt. No. 28.)

Rule 56 of the Federal Rules of Civil Procedure provides, in part, that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d) prevents an opposing party from being "railroaded" by a premature motion for summary judgment.  Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).  The opposing party must identify specific facts that further discovery would reveal and explain why those facts would preclude summary judgment.  Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006).  However, a lesser showing of specificity may be allowed before any discovery has taken place.  Burlington Northern Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation, 323 F.3d 767, 774-75 (9th Cir. 2003) ("Because the Tribes have shown some basis for believing that BN's use of its right-of-way threatens serious harm to the Reservation and also had no fair opportunity to develop the record concerning the extent of that threatened harm, it was an abuse of discretion for the district court to decide the summary judgment motion before granting the Tribes' Rule 56(f)[2] motion.")

\\\\\

---

[2] Rule 56 was amended in 2010, during which subdivision (d) carried forward without substantial change the provisions of former subdivision (f).

In this case, the court issued a pretrial scheduling order on March 6, 2012 ordering that all discovery shall be completed by October 25, 2012.  (Dkt. No. 26.)  Plaintiff states that he served interrogatories and requests for admission on defendants on February 22, 2012. According to plaintiff, these discovery requests were intended to elicit from defendants what barriers to access they contend existed, or not, and which of those barriers defendants had remedied or intended to remedy.  Plaintiff states that he propounded this written discovery first in lieu of a formal site inspection by experts to avoid unnecessary expense.  However, plaintiff contends that there had been some confusion about whether plaintiff's written discovery requests were propounded too early and that defendants first did not respond, and later responded only with objections.  Consequently, plaintiff contends that it is now necessary to conduct a formal site inspection of the facility to determine which, if any, of the barriers to access remain. Plaintiff posits that it is "entirely possible" that defendants have removed all barriers to access, but that plaintiff is entitled to an opportunity to survey the facility to confirm this.  Plaintiff further asserts that, if all ADA violations have been remedied, plaintiff will likely stipulate that the matter is moot and without federal jurisdiction, as the only relief provided by the ADA is injunctive relief to remove barriers to access.

Based on the foregoing, the court concludes that it would be inappropriate to hear defendants' motion for summary judgment at this early junction without providing plaintiff with an opportunity to conduct further discovery – in particular, a site inspection.  The parties have until October 25, 2012 to complete discovery, and it appears that no meaningful discovery has yet taken place.[3]  Accordingly, the court will deny defendants' motion for summary judgment and/or summary adjudication without prejudice as premature.

\\\\\

---

[3] Because any dispute regarding plaintiff's written discovery requests is not properly before the court, it declines to address it.  Regardless, the merits of the apparent discovery dispute does not change the fact that no meaningful discovery has actually taken place and that the parties have until October 25, 2012 to complete discovery.

However, the court is troubled by some of the assertions in, and documentary evidence submitted along with, defendants' motion tending to suggest that the facility was ADA compliant prior to plaintiff's visit, especially in light of the fact that defendants had previously settled an ADA lawsuit with another plaintiff and had apparently made extensive renovations in the past to bring the facility into compliance. The court obviously expresses no opinion regarding these issues at this stage. However, plaintiff's counsel is hereby cautioned that Rule 11 sanctions may be imposed if it is ultimately revealed that the complaint was filed without a good faith basis for believing that ADA violations actually existed at the facility and was instead filed for some improper purpose.

CONCLUSION

For the reasons discussed above, IT IS ORDERED that:

1. The May 24, 2012 hearing on defendants' motion for summary judgment and/or summary adjudication is VACATED.

2. Defendants' motion for summary judgment and/or summary adjudication (dkt. no. 27) is DENIED WITHOUT PREJUDICE as premature.

DATED: May 15, 2012

      /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
LaMark.1098.msj.prem.wpd