1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JOSHUA LAMARK,

11              Plaintiff,                    CIV. NO. S-11-1098 GGH PS

12        vs.

13    RANDALL HICKS et al.,

14              Defendants.                   <u>ORDER</u>

15    _____/

16              This is an action for damages and injunctive relief under the Americans with

17    Disabilities Act ("ADA"); Cal. Health & Safety Code § 19955 et seq.; Cal. Civ. Code §§ 54,

18    54.1, and 54.3; and the Unruh Civil Rights Act.[1]  Defendants own and operate a gas station

19    known as Rowdy Randy's in Auburn, California.  (<u>See</u> Plaintiff's Complaint, Dkt. No. 1

20    ["Compl."] ¶¶  3, 11.)  On March 8, 2011, plaintiff allegedly visited Rowdy Randy's to purchase

21    gas and other goods.  (Compl. ¶ 12.)  Plaintiff claims that he is physically disabled for purposes

22    of the ADA and California law, because he is severely limited in the use of his legs.  (Compl. ¶

23    5.)  During his visit to Rowdy Randy's, plaintiff allegedly encountered several barriers that

24    _____

25        [1] All parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. §
      636(c)(1), and the action was subsequently referred to the undersigned for all further proceedings
26    and entry of final judgment.  (Dkt. Nos. 23-25.)

                                              1

1   interfered with his access to the facilities.  (Compl. ¶ 4.)  Plaintiff alleges that these barriers

2   continue to deter him from visiting Rowdy Randy's, even though he lives approximately 3 miles

3   from the gas station and intends to return to it when it is made accessible.  (Compl. ¶¶ 4, 13.)

4         Presently pending before the court is defendants' motion for summary judgment

5   and/or summary adjudication, originally filed on April 25, 2012 and noticed for hearing on May

6   24, 2012. (Dkt. No. 27.)  On May 7, 2012, plaintiff filed an opposition, requesting that the court

7   defer consideration of defendants' motion until adequate time for discovery has been allowed.

8   (Dkt. No. 28.)

9         Rule 56 of the Federal Rules of Civil Procedure provides, in part, that "[i]f a

10  nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts

11  essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2)

12  allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other

13  appropriate order."  Fed. R. Civ. P. 56(d) prevents an opposing party from being "railroaded" by

14  a premature motion for summary judgment.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 326 (1986).

15  The opposing party must identify specific facts that further discovery would reveal and explain

16  why those facts would preclude summary judgment.  <u>Tatum v. City and County of San Francisco</u>,

17  441 F.3d 1090, 1100-01 (9th Cir. 2006).  However, a lesser showing of specificity may be

18  allowed before any discovery has taken place.  <u>Burlington Northern Santa Fe R.R. Co. v.</u>

19  <u>Assiniboine & Sioux Tribes of Fort Peck Reservation</u>, 323 F.3d 767, 774-75 (9th Cir. 2003)

20  ("Because the Tribes have shown some basis for believing that BN's use of its right-of-way

21  threatens serious harm to the Reservation and also had no fair opportunity to develop the record

22  concerning the extent of that threatened harm, it was an abuse of discretion for the district court

23  to decide the summary judgment motion before granting the Tribes' Rule 56(f)[2] motion.")

24  \\\\\

25

26         [2] Rule 56 was amended in 2010, during which subdivision (d) carried forward without
substantial change the provisions of former subdivision (f).

In this case, the court issued a pretrial scheduling order on March 6, 2012 ordering that all discovery shall be completed by October 25, 2012.  (Dkt. No. 26.)  Plaintiff states that he served interrogatories and requests for admission on defendants on February 22, 2012. According to plaintiff, these discovery requests were intended to elicit from defendants what barriers to access they contend existed, or not, and which of those barriers defendants had remedied or intended to remedy.  Plaintiff states that he propounded this written discovery first in lieu of a formal site inspection by experts to avoid unnecessary expense.  However, plaintiff contends that there had been some confusion about whether plaintiff's written discovery requests were propounded too early and that defendants first did not respond, and later responded only with objections.  Consequently, plaintiff contends that it is now necessary to conduct a formal site inspection of the facility to determine which, if any, of the barriers to access remain. Plaintiff posits that it is "entirely possible" that defendants have removed all barriers to access, but that plaintiff is entitled to an opportunity to survey the facility to confirm this.  Plaintiff further asserts that, if all ADA violations have been remedied, plaintiff will likely stipulate that the matter is moot and without federal jurisdiction, as the only relief provided by the ADA is injunctive relief to remove barriers to access.

Based on the foregoing, the court concludes that it would be inappropriate to hear defendants' motion for summary judgment at this early junction without providing plaintiff with an opportunity to conduct further discovery – in particular, a site inspection.  The parties have until October 25, 2012 to complete discovery, and it appears that no meaningful discovery has yet taken place.[3]  Accordingly, the court will deny defendants' motion for summary judgment and/or summary adjudication without prejudice as premature.

\\\\\

---

[3] Because any dispute regarding plaintiff's written discovery requests is not properly before the court, it declines to address it.  Regardless, the merits of the apparent discovery dispute does not change the fact that no meaningful discovery has actually taken place and that the parties have until October 25, 2012 to complete discovery.

1    However, the court is troubled by some of the assertions in, and documentary

2  evidence submitted along with, defendants' motion tending to suggest that the facility was ADA

3  compliant prior to plaintiff's visit, especially in light of the fact that defendants had previously

4  settled an ADA lawsuit with another plaintiff and had apparently made extensive renovations in

5  the past to bring the facility into compliance.  The court obviously expresses no opinion

6  regarding these issues at this stage.  However, plaintiff's counsel is hereby cautioned that Rule 11

7  sanctions may be imposed if it is ultimately revealed that the complaint was filed without a good

8  faith basis for believing that ADA violations actually existed at the facility and was instead filed

9  for some improper purpose.

10  <u>CONCLUSION</u>

11    For the reasons discussed above, IT IS ORDERED that:

12    1.  The May 24, 2012 hearing on defendants' motion for summary judgment

13  and/or summary adjudication is VACATED.

14    2.  Defendants' motion for summary judgment and/or summary adjudication (dkt.

15  no. 27) is DENIED WITHOUT PREJUDICE as premature.

16  DATED: May 15, 2012

17                  /s/ Gregory G. Hollows
                   UNITED STATES MAGISTRATE JUDGE

18

19

20

21  GGH/wvr
   LaMark.1098.msj.prem.wpd

22

23

24

25

26