IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA LAMARK,

     Plaintiff,                          No. 2:11-cv-1098 GGH PS

    vs.

RANDALL HICKS et al.,

     Defendants.               <u>ORDER</u>

_____/

        This is an action for damages and injunctive relief under the Americans with Disabilities Act ("ADA"); Cal. Health & Safety Code §§ 19955 et seq.; Cal. Civ. Code §§ 54, 54.1, and 54.3; and the Unruh Civil Rights Act.[1]  On June 26, 2012, plaintiff filed a stipulation of remediation, indicating that defendants have removed all architectural barriers to access complained of in plaintiff's complaint, thereby mooting plaintiff's federal claims for injunctive relief under the ADA.  (Dkt. No. 30.)  Because no federal claims remain, plaintiff requests that

///

---

[1] All parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c)(1), and the action was subsequently referred to the undersigned for all further proceedings and entry of final judgment.  (Dkt. Nos. 23-25.)

the court decline to exercise supplemental jurisdiction over the state law claims and remand them to state court.  (Id.)

Given that no federal claim remains, the court finds it proper to decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim...if – the district court has dismissed all claims over which it has original jurisdiction"); see also Acri v. Varian Associates, Inc., 114 F.3d 999, 1000-01 (9th Cir. 1997) ("'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims' "), quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988).  However, because this case was originally filed in federal court and not removed from state court (see dkt. no. 1), the court cannot remand the state law claims to state court as requested by plaintiff.  Instead, the court will dismiss the remaining state law causes of action without prejudice.  Plaintiff may file these claims in state court in an original case as plaintiff sees fit.

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's first cause of action for violation of the federal Americans with Disabilities Act is DISMISSED WITH PREJUDICE;

2. Plaintiff's remaining state law causes of action are DISMISSED WITHOUT PREJUDICE; and

3. The Clerk of Court is directed to close this case.

DATED: June 27, 2012

       /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
LaMark.1098.41.wpd

2