IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA LAMARK,

    Plaintiff,                                   No. 2:11-cv-1098 GGH PS

    vs.

RANDALL HICKS et al.,

    Defendants.                            <u>ORDER</u>

_____/

        This is an action for damages and injunctive relief under the Americans with Disabilities Act ("ADA"); Cal. Health & Safety Code § 19955 et seq.; Cal. Civ. Code §§ 54, 54.1, and 54.3; and the Unruh Civil Rights Act.[1] On June 27, 2012, the court dismissed with prejudice plaintiff's cause of action for violation of the federal Americans with Disabilities Act, and then declined to exercise supplemental jurisdiction over plaintiff's remaining state law claims, which were dismissed without prejudice. (Dkt. Nos. 31-32.)  Subsequently, defendants submitted a bill of costs (dkt. no. 33) to which plaintiff filed objections (dkt. no. 34).  After considering the papers submitted, the court's record in this matter, and the applicable law, the

---

[1] All parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c)(1), and the action was subsequently referred to the undersigned for all further proceedings and entry of final judgment. (Dkt. Nos. 23-25.)

court now issues the following order.

DISCUSSION

"Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Unless otherwise authorized by statute or contract, the types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920. <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42, 445 (1987). 28 U.S.C. § 1920 provides, in part, that:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket Fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; <u>see</u> also E.D. Cal. L.R. 292(a), (f). Furthermore, in this case, the ADA appears to allow for a somewhat broader award of costs, stating that "the court..., in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, *including litigation expenses, and costs*...." 42 U.S.C. § 12205 (emphasis added). While defendants cannot be awarded attorneys' fees as pro se litigants, it nonetheless stands to reason that they can be awarded their costs and litigation expenses under that statute.

Here, plaintiff does not challenge defendants' status as prevailing parties. Indeed, given that plaintiff's ADA claim was dismissed with prejudice and that the remaining claims were dismissed without prejudice, defendants prevailed on a substantial part of the litigation. <u>Testa v. Village of Mundelein, Ill.</u>, 89 F.3d 443, 447 (7th Cir. 1996). Instead, plaintiff objects to taxation of specific individual costs.

\\\\\

<u>Fees of the Clerk</u>

Although defendants request $350 for a filing fee as "fees of the clerk," (dkt. no. 33) plaintiff correctly notes that this fee was actually paid by plaintiff and cannot be awarded to defendants.

<u>Copying Fees</u>

Defendants request $2,601.20 for "costs of making copies of any materials where the copies are necessarily obtained for use in the case." (Dkt. No. 33.) <u>See</u> 28 U.S.C. § 1920(4); <u>Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.</u>, 920 F.2d 587, 588 (9th Cir. 1990) (explaining that copied documents need not be introduced into the record or offered at trial to be an allowable cost, but must be necessarily obtained for use in the case). Documents copied here include documents filed with the court (such as pleadings and motions) and documents not filed with the court (such as discovery responses). (<u>See</u> Dkt. No. 33 at 2.)

As to regular black and white copies, the court finds defendants' request for the costs of 6 copies for each document to be excessive. For documents defendants filed with the court, 3 copies are sufficient (allowing for an original and one copy filed with the court, one copy served on plaintiff's counsel, and one copy retained by defendants) and for documents not filed with the court, 1 copy is sufficient (one copy served on plaintiff's counsel with the original retained by defendants). Defendants' charge for "One Download of Court Filed Documents" at 20 cents per page (dkt. no. 33 at 2, # 16), which presumably relates to documents filed by plaintiff in the case, will also be reduced because plaintiff correctly observes that PACER only charges 10 cents per page. Additionally, the court declines to award costs for 3 additional "Copies of File Stamped and Paginated Court Documents" (dkt. no. 33 at 2, #17), which appear to be duplicative of the other copies made. Utilizing the chart prepared by plaintiff reflecting

\\\\\

\\\\\

\\\\\

these reductions (dkt. no. 34-1 at 3), the court will award defendants $369.50 for the black and white copies made.[2]

With respect to color copies, it is unclear to what extent these are duplicative of the regular black and white copies. The court assumes that these mostly involve photographs of the site to demonstrate ADA compliance measures. Certainly, color copies were not necessary for use in a motion to dismiss, which merely tests the legal and factual sufficiency of the complaint and does not involve consideration of evidence. Therefore, the court will only allow costs for two color copies of the motion for summary judgment exhibits (one as a copy for the court and one for plaintiff's counsel) and one copy of the color exhibits for the initial and supplemental initial disclosures (for plaintiff's counsel) for a total amount of $198.00 for color copies.[3]

Thus, the total amount of costs awarded for "costs of making copies of any materials where the copies are necessarily obtained for use in the case" is $567.50. See 28 U.S.C. § 1920(4).

Other Costs

Finally, defendants request reimbursement of costs in the amount of $14.00 for the envelopes, tabs, and colored index inserts for certain filings, as well as $128.34 for FedEx and U.S. Postal Service expenses for serving pleadings and motions related to this case. Plaintiff does not object to the FedEx or postal expenses, but argues that the other stationary costs are not taxable. Even if these costs could not ordinarily be taxed under 28 U.S.C. § 1920, these are ordinary litigation expenses and may be awarded under 42 U.S.C. § 12205. Accordingly, defendants will be awarded these additional costs in a total amount of $142.34.

---

[2] This includes 1636 pages at 20 cents a page ($327.20) for the conventional copies and 423 pages at 10 cents per page ($42.30) for the downloaded court-filed documents. (Dkt. No. 34-1 at 3.)

[3] (2 x 66 pages x $1.00) + (1 x 66 pages x $1.00) = $198.00. (Dkt. No. 33 at 2.)

4

CONCLUSION

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Defendants are awarded costs in the total amount of $709.84.

2. Plaintiff shall pay defendants the above-mentioned costs within 28 days of the date of this order.

DATED: August 10, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
LaMark.1098.costs.wpd